**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-60689-DAMIAN/STRAUSS**

**DESOTO PARK COA, INC.,**

Plaintiff,

v.

**PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY** et al.**,**

Defendants.
___________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL AND SETTING SHOW CAUSE HEARING**

**THIS MATTER** came before the Court upon Defendants' Motion to Compel Compliance with Non-Party Subpoenas [DE 32] (the "Motion"). District Judge Melissa Damian has referred all discovery matters in this case to the undersigned Magistrate Judge. [DE 23] at 2-3. For the reasons stated below, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

On August 10, 2026, Defendants filed the Motion, which seeks an order from the Court compelling six non-parties to comply with valid subpoenas by producing documents and information. *See generally* [DE 32]. In the Motion, Defendants explain that they issued non-party subpoenas to various entities. *Id.* at 1-2. In late May and early June 2026, Defendants personally served the respective subpoenas on the non-party entities through the entities' respective registered or authorized agents. *See id.* ¶¶ A.3, B.3, C.3, D.3, E.3, F.3. After some of the non-party entities did not adequately respond to the subpoenas or Defendants' attempts to follow up, Defendants filed the Motion. *See, e.g.*, *id.* ¶¶ A.1-A.7. Defendants served the Motion on the non-parties who failed to respond to the subpoenas by sending physical copies of the filing via certified mail to

each non-party "at their respective principal places of business at the address of their Registered Agents." *Id.* at 15.

The same day, I ordered the non-parties identified in the Motion to file a response to the Motion by no later than August 27, 2026. [DE 33] ¶ 1. I also ordered Defendants to serve the Court's order on the non-parties and file a certificate of service by August 12, 2026. *Id.* ¶ 2. Lastly, I ordered Defendants to try and contact each non-party to confer and potentially resolve the dispute without further court intervention. *Id.* ¶ 3. The certificate of compliance with this conferral requirement was due by August 27, 2026. *Id.*

Defendants served all the non-parties, including Downer Enterprises d/b/a A Sure Thing Plumbing Company ("Downer"), with a copy of the Court's order on August 12, 2026. [DE 38] at 1; [DE 35-1] at 1. Defendants also conferred with all the non-parties that did not immediately provide responsive documents. *Id.* According to Defendants, they have received responsive documents from all non-parties identified in the Motion except Downer. *Id.* at 1-2. Defendants explain that all issues in the Motion—except those related to Downer—are moot. *Id.* at 2. As for Downer, Defendants represent that they spoke with Downer's representative, who "indicated documents responsive to the subpoena would be provided." *Id.* at 2. Yet despite Defendants' follow-up attempts, Downer has not produced responsive documents. *Id.*

Rule 45 of the Federal Rules of Civil Procedure permits a party to seek the production of documents and information from non-parties through a subpoena. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii); Fed. R. Civ. P. 45(c)(2). The Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). "With that being said, 'it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena,' because '[d]isobedience of such an order may be

treated as contempt.'" *Berkley Ins. Co. v. Suffolk Constr. Co., Inc.*, No. 19-23059-CIV, 2020 WL 10057924, at *2 (S.D. Fla. Oct. 30, 2020) (quoting Fed. R. Civ. P. 45 Advisory Committee's note to 2013 amendment).

Here, Downer has failed to obey a subpoena and an order related to it. Defendants served the at-issue subpoena on Downer on May 28, 2026, around three months ago. [DE 32-4] at 1. Despite ample time for compliance, Downer failed to respond to or serve objections regarding the subpoena and did not respond to Defendants' letter sent after Defendants did not receive a response. [DE 32] ¶¶ 5-6; [DE 32-4] at 1-2. Moreover, Downer did not respond to the Motion in the timeframe permitted by the Court's prior order.

Accordingly, it is hereby **ORDERED**:

1. The Motion [DE 32] is **GRANTED IN PART** and **DENIED IN PART**. To the extent that the Motion seeks documents from non-parties other than Downer, it is **DENIED AS MOOT**. To the extent that the Motion seeks an order compelling Downer's compliance with the at-issue subpoena, it is **GRANTED**.

2. On or before **September 4, 2026**, Downer shall provide all documents and information responsive to the at-issue subpoena—without raising any objections except those for privilege. All objections, except those for privilege, are waived. *See Whatley v. World Fuel Servs. Corp.*, No. 20-20993-MC, 2020 WL 2616209, at *3 (S.D. Fla. May 22, 2020) ("The failure to serve written objections to a subpoena within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections, as does failing to file a timely motion to quash." (citation modified)).

3. Additionally, Downer shall appear before the undersigned in court in the Fort Lauderdale Division (299 East Broward Boulevard, Fort Lauderdale, FL 33301) on **September 9,**

**2026, at 2:30 p.m.**, and show cause why it should not be held in contempt for failing to comply with the subpoena. If, by **September 8, 2026**, Defendants file a notice indicating that they have received all documents responsive to the subpoena, the Court will cancel the hearing. Downer is reminded that a corporate entity may not appear *pro se*;[1] therefore, Downer must appear at the show-cause hearing through counsel.

4. On or before **August 31, 2026**, Defendants shall serve this order on Downer and file a certificate of compliance with the Court.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 28th day of August 2026.

**Jared M. Strauss**
**United States Magistrate Judge**

[1] *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." (citations omitted)).